UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| KEIMON CRAYTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-4005 |
| | ) | |
| ROCK ISLAND COUNTY, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## **MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Pickneyville Correctional Center, was granted leave to proceed *in forma pauperis*.[1] The case is now before the Court for a merit review of Plaintiff's claims. Plaintiff's motion for leave to file an amended complaint (Doc. 5) is granted. The Court will consider only the allegations therein.

The Court must "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements

---

[1] Plaintiff may have accumulated three strikes under 28 U.S.C. § 1915(g) prior to filing this lawsuit, which, if true, prohibits him from proceeding *in forma pauperis* absent a showing that he faces "imminent danger of serious physical harm." *Id.* Liberally construed, Plaintiff's allegations suggest that he may be able to satisfy the requirements of the statute. The Court will permit Plaintiff to proceed *in forma pauperis* pending clarification of his claims.

and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that unidentified jail officials beat him, harassed him, soiled his food, cut him with razors, and targeted him "with hate." Plaintiff alleges that Defendant Bustos, the Rock Island County Sheriff, and Aramark, the company responsible for providing food, commissary, and mail, should be held liable for their employees' actions because they were in charge. Plaintiff alleges that Defendant Pritzker, the governor of Illinois, allowed Illinois jail officials to detain individuals who were "innocent until proven guilty."

Some of Plaintiff's allegations are similar to those asserted in another pending lawsuit. *See Crayton v. Gerischer*, No. 22-4022 (C.D. Ill.). Plaintiff also cannot prevail against Defendants Bustos, Aramark, and Pritzker just because these individuals may have been in charge. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). To prevail, he must allege how these individuals were personally responsible for the alleged deprivation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). To the extent that Plaintiff challenges the fact of his confinement, he must do so in a habeas corpus proceeding. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for individuals challenging a fact or duration of confinement and seeking immediate or speedier release from custody).

Plaintiff's complaint is dismissed with leave to renew as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**Plaintiff's Other Motions (Docs. 3, 10)**

Plaintiff filed a motion (Doc. 3) seeking release from his pretrial detention at the Rock Island County Jail. Plaintiff is no longer detained at the jail, and he has not shown a likelihood that he will return. Plaintiff's motion is denied as moot. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) ("If a prisoner is transferred to another prison, his request for injunctive relief is moot unless he can demonstrate that he is likely to be retransferred.").

Plaintiff filed a motion to compel. (Doc. 10). He states therein that he is "asking for a motion to compel evidence because the evidence I have is a piece of tissue that has my blood and feces on it. I do not want to send this evidence in if I would be sanctioned or even worse have this case dismissed." *Id.* The Court cannot determine the relief Plaintiff seeks. If he has evidence relevant to his case, he should keep it in his possession. Evidence and other discovery materials are generally not sent to the Court at this stage of the proceedings. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motions [3][10] are DENIED.**

2) **Plaintiff's Motion for Leave to File an Amended Complaint [5] is GRANTED. Clerk is directed to docket the amended complaint attached to Plaintiff's motion.**

3) **Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

4) **Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 9th day of May, 2023.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE
